ALICE WILLS, FRED WILLS, LOUIS WILLS, by their next friend FRED WILLS, and FRED WILLS, Appellants, v. FRED WESTENDORF and FRED WESTENDORF, JR.

**Specific performance: EVIDENCE.** Specific performance of an oral contract to convey land, even if taken out of the statute of frauds, must be clear, satisfactory and convincing; it will not be decreed upon evidence of declarations of the owner that he intended to give it to a relative on certain conditions, made prior to the claimed oral agreement to so convey; nor will it authorize a recovery of damages for a breach of the agreement.

*Appeal from Bremer District Court.*—HON. CLIFFORD P. SMITH, Judge.

MONDAY, NOVEMBER 23, 1908.

ACTION to enforce specific performance of an oral contract to convey land. There was a decree for defendants, and plaintiffs appeal.—*Affirmed.*

*Sager & Sweet,* for appellants.

*Hagemann & Farwell,* for appellees.

McCLAIN, J.—The allegations for plaintiffs which

find some support in the evidence are that in 1903 the plaintiff Fred Wills and his wife, Emma, the daughter of the defendant Westendorf, Sr., were induced to take possession of a farm of one hundred and sixty acres belonging to said defendant by the promise of said defendant that, if they would do so, he would make them a deed to the farm and give to his said daughter $1,000 in money; that, after the death of said daughter in January, 1905, another arrangement was made between Fred Wills and the defendant, by which the former was to have the use of the farm without rent until the oldest of the three surviving children of said Wills and the defendant's daughter should become twenty-four years of age, when defendant was to deed the farm to said oldest child on the payment of $1,000 by said child to each of the two other children; and that subsequently the defendant repudiated this alleged agreement, and deeded the farm to his son, Fred Westendorf, Jr., for a valuable consideration. The relief asked in the petition and the amendments thereto is that defendant Westendorf, Sr., be required to convey the premises to the plaintiff Fred Wills and his three minor children, represented by him as next friend, on payment of any amount which the court may find to be due from plaintiffs to the defendant, and that, if the defendant Westendorf, Jr., be found to be a purchaser in good faith without knowledge of plaintiffs' rights, plaintiffs have judgment against Westendorf, Sr., for the value of the premises. Plaintiffs also ask judgment for the value of the improvements made on the farm if it should be found inequitable to decree specific performance or award a recovery in damages for a breach of contract. To avoid unnecessary detail in speaking of the parties, the plaintiff Fred Wills may properly be described as the sole plaintiff, and defendant Westendorf, Sr., the sole defendant.

The only specific evidence supporting plaintiff's alle-

gations is his own testimony with reference to various conversations with defendant, one detailed as taking place before plaintiff with his family went to live on the farm, another after the death of plaintiff's wife, and a third when plaintiff sought· to have some kind of a settlement with defendant, not long before the deeding of the farm by defendant to his son Fred. Without going into the details of these alleged conversations, it is sufficient to say that plaintiff has not given a consistent or even plausible account of any oral agreement between him and defendant, under which defendant obligated himself to convey the farm to plaintiff, or to plaintiff and his wife, or to plaintiff's wife alone, or to plaintiff's child. Plaintiff does not claim that, after the death of his wife, he insisted that there was any contract on the part of defendant made before his wife's death to convey the farm. He does testify, however, that he then made a new arrangement with the defendant in regard to having the use of the farm until his oldest child should become twenty-four years of age, when the other children would also have attained their majority, when it should be conveyed to such oldest child on conditions already mentioned, but he does not show any partial performance of this oral contract. He was already in possession, so that there was no change of possession taking the case out of the statute of frauds. He testifies as to the making of improvements, which, if made in reliance on the oral contract to convey, would no doubt entitle him to specific performance of such contract, and he introduces witnesses who testify as to some declarations of defendant made prior to the first alleged oral agreement to the effect that defendant intended to give the farm on some conditions to plaintiff's wife. These declarations, however, as related by the witnesses, were too indefinite and general to furnish substantial corroboration of plaintiff's testimony as to the oral agreement. As is said in *Holmes v. Connable,* 111 Iowa, 298, 309, such

testimony should be received with great caution, and is entitled to little weight. There is no evidence aside from plaintiff's testimony as to the declarations of defendant that any deed was ever executed in pursuance of the original agreement, or the subsequent agreement to convey to plaintiff's oldest child, although plaintiff claims that he was insisting on having a deed made and recorded. Defendant's testimony is clearly in contradiction to that of the plaintiff in every point, and, with regard to the attempted settlement between plaintiff and defendant not long before defendant deeded the farm to his son Fred, defendant testifies that plaintiff's claim was only to be repaid for improvements, and in this he is corroborated by the testimony of witnesses present when these conversations relating to a settlement were held. In view of the well-recognized rule that, to warrant specific performance of an oral contract to convey, even when taken out of the statute of frauds by proof of the making of improvements, the testimony as to the contract itself should be clear, satisfactory, and convincing, we have no hesitation in reaching the conclusion that plaintiff has failed to make out a case for specific performance, and therefore has equally failed to make out a case for damages on account of breach of such alleged oral contract by defendant. It is immaterial, therefore, whether the conveyance by defendant to his son Fred was with or without notice of plaintiff's alleged rights.

Defendant testified that, after the death of plaintiff's wife, he did propose to the plaintiff that if plaintiff would repay to him the sum of $3,000 which had been advanced by defendant to plaintiff, a portion of which had been used by plaintiff prior to that time in building a house upon the land, defendant would execute a will under which plaintiff should have the right to occupy the farm until his oldest child became twenty-four years of age, when said child should have the farm on payment of

$1,000 each to the other two children, and that such will was fully executed, but that on refusal of plaintiff to pay the $3,000, and on being advised by plaintiff that he did not want the farm on those terms, said will was canceled and destroyed. It seems to us that this explanation of the negotiations between defendant and plaintiff with reference to the farm after the death of plaintiff's wife is more reasonable under the circumstances than the testimony of the plaintiff.

The will referred to in defendant's testimony was introduced in evidence, showing cancellation by the removal of the attestation of witnesses. Plaintiff does not allege the making of a contract with defendant under which defendant became bound to make a will such as was made and destroyed, nor do his counsel now in argument insist that plaintiff is entitled to any relief under a contract to make a will, so that we need not discuss the conflicting testimony relating to the advancement by defendant to plaintiff of $3,000 which defendant insisted plaintiff should refund as a condition to the willing of the property to the oldest child and the refusal of defendant to comply with such conditions.

The only remaining question is as to the correctness of the decree giving plaintiff a money judgment against defendant in the sum of $1,325 for improvements put upon the premises. Considering the whole evidence as presented in the record, we reach the conclusion that the house was put upon the farm by plaintiff with money furnished by defendant, and that the allowance made by the court for a barn and other small improvements subsequently made, is as large as the evidence will justify.

We are satisfied that plaintiff has received all the relief to which he shows himself entitled; and the decree is therefore *affirmed*.